United States District Court
Southern District of Texas
**ENTERED**
January 08, 2022
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **D'AMICO DRY d.a.c.,** | § | |
| | § | |
| **Plaintiff** | § | **C.A. NO. 4:22-cv-58** |
| | § | |
| **v.** | § | **FED. R. CIV. P. 9(h)** |
| | § | |
| **LIGHTHOUSE NAVIGATION AS,** | § | **ADMIRALTY** |
| | § | |
| **Defendant.** | § | |

**ORDER AUTHORIZING ISSUANCE OF PROCESS**
**OF MARITIME ATTACHMENT AND GARNISHMENT**

Having reviewed and considered Plaintiff d'AMICO DRY D.A.C.'s *Ex-Parte* Moton for

an Order Directing Issuance of Writ of Maritime Attachment and Garnishment Pursuant to

Supplemental Admiralty Rule B and Motions for Expedited Relief and for Leave to Serve Later

Identified Garnishees and Deem Service Continuous, together with the Attorney Declaration that

the Defendant cannot be found in the District and Declaration and the Declaration of Gustavo

Corfetti in Support of Maritime Attachment, and Plaintiff's Verified Complaint, and finding that

the conditions of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims

of the Federal Rules of Civil Procedure appear to exist, the Court hereby:

**ORDERS** the Clerk to issue Process of Maritime Attachment and Garnishment as prayed

for in the Verified Complaint against all property, tangible or intangible, belonging to Defendant

LIGHTHOUSE NAVIGATION SA to wit: bunkers onboard the M/V BONAS (IMO 9401972),

which is currently located within the Southern District of Texas, in an amount up to **USD**

**$1,579,433.64** pursuant to Supplemental Rule B; and

**ORDERS** that the Clerk of the Court shall issue further, supplementary process of maritime attachment and garnishment, on request of the Plaintiff and without further order of this Court; and

**ORDERS** that a copy of this Order be attached to and served with the said Process of Maritime Attachment and Garnishment; and

**ORDERS** that the United States Marshal Service and/or any Substitute Custodian, which is subsequently appointed by this Court, is authorized to allow the M/V BONAS to conduct normal cargo operations, both discharging and loading, repair works, and to shift berths (consistent with the United States Marshal Service's requirements), always remaining within this judicial district, and always at the risk and expense of the vessel's interests; and

**ORDERS** that the Vessel shall be permitted to expend the bunkers or fuel necessary only for the Vessel to complete its cargo operations at Houston; and

**ORDERS** that any property of the Defendant, including but not limited to the bunkers on board the M/V BONAS, may be released from attachment without further order of this Court, if the United States Marshal Service and/or Substitute Custodian receives written authorization to do so from the attorney who requested the attachment and garnishment, stating that he has conferred with all attorneys representing parties to the litigation, and they consent to the request for the release, and also provided that the Court has not entered any subsequent orders modifying this arrangement for the release of the property which was attached pursuant to this Order; and

**ORDERS** that to the extent the amount of bunkers onboard the Vessel is insufficient to secure the amount of $1,579,433.64, that any additional bunkers, fuel, oil, or other property ordered by or for the account of the Defendant is subject to this attachment; and

**ORDERS** that any person claiming an interest in the property attached or garnished

pursuant to order upon application of the Court, be entitled to a prompt hearing in which Plaintiff

shall be required to show why the attachment or garnishment should not be vacated or other relief

granted; and

**ORDERS** that Plaintiff is granted leave to serve any additional garnishee(s) who, upon

information and belief, may obtain during the course of this litigation, are holding, or are believed

to be holding, property of Defendant within this District;

**ORDERS** that in order to avoid the need to repetitively serve the garnishee(s) continuously

throughout the day, any copy of the Process of Maritime Attachment and Garnishment that is

served on any of the garnishees herein is deemed effective and continuous throughout any given

day and the next day, and subsequent service of process is authorized *via* facsimile or email

following initial *in personam* service; and

**ORDERS** that Plaintiff agrees to release and hold harmless, and indemnify the United

States of America, the United States Marshal, their agents, servants, employees, and all others for

whom they are responsible from any and all liability or responsibility for claims arising from the

arrest or attachment of the property.

SIGNED at Houston, Texas this ___8th___ day of January 2022.

_____
UNITED STATES MAGISTRATE JUDGE